UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **OTIS HALL** | **CIVIL ACTION NO. 18-1101** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JUDGE CREIGLER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Otis Hall, who proceeds pro se and in forma pauperis, filed the instant Complaint on August 24, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Judge Creigler, Probation Officer Carolyn Guice, District Attorney Edwin Moberly, and Judge Lancaster.[1] For the following reasons, it is recommended that Plaintiff's claims be dismissed with prejudice.

### Background

Plaintiff alleges that he has been detained since June 22, 2018, without being apprised of the crimes with which he is charged. He does, however, mention that he was "pick[ed] . . . up" for failing to appear in court. He also claims, impliedly, that he has been imprisoned beyond the usual 30-day sentence imposed for missing a court date.

Plaintiff implies further that Probation Officer Carolyn Guice played a role in his arrest because he owes her money. He suggests that Officer Guice had no reason to be involved because he has "been off of probation for almost five years."

Plaintiff seeks $3,000,000.00 from each Defendant for his pain, suffering, and mental anguish.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Compensatory Damages**

Plaintiff seeks $3,000,000.00 from each Defendant for his pain, suffering, and mental anguish. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff seeks compensation for "pain," but he does not state whether his pain was mental or physical. To the extent he suffered physical pain, he does not allege that he suffered

3

more than a de minimis injury. See *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that the "physical injury required by § 1997e(e) must be more than de minimus [sic], but need not be significant."); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering."). Accordingly, as Plaintiff only seeks compensatory relief for mental, emotional, and de minimis injuries, his claims should be dismissed.

**3. Habeas Corpus Relief**

Plaintiff asks, "If a judge doesn't see you within 72 hours of your arrest, are you supposed to be released[?]" To the extent Plaintiff challenges the very fact and duration of his physical imprisonment, and to the extent he impliedly seeks release from custody, he should pursue relief through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").[3] The Court cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate."). Accordingly, insofar as Plaintiff seeks immediate release, his claims should be dismissed.

---

[3] To the extent Plaintiff seeks release from incarceration relating to a prior conviction, he should pursue relief under 28 U.S.C. § 2254.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Otis Hall's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 9th day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE